IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA JEANNE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  11-CV-50329 |
| | ) | Judge Frederick J. Kapala |
| | ) | Magistrate P. Michael Mahoney |
| v. | ) | |
| | ) | |
| KENNETH W. NESEMEIER et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL MEDICAL AUTHORIZATIONS,
SUPPLMENTAL RESPONSES TO INTERROGATORIES,
AND ATTORNEYS' FEES**

Defendants Kenneth W. Nesemeier and Stephenson County, by their attorneys, Julie A. Bruch and Benjamin M. Jacobi, move this court to compel Plaintiff, Cynthia Mitchell, to provide executed copies of the attached medical releases, to supplement her responses to Nesemeier's Interrogatories, and to reimburse Defendants for the attorneys' fees incurred in drafting this motion within seven days and in support thereof state as follows.

1.  Plaintiff, Cynthia Mitchell, filed a Third Amended Complaint on April 5, 2013. (Doc. 74.)  She claims, inter alia, that Sergeant Nesemeier violated her Fourth Amendment rights when he arrested her on November 12, 2009.[1]  She alleges that physical injuries and non-garden variety emotional damages resulted from the incident.  On December 19, 2012, this court entered a case management order and set the fact discovery deadline for June 19, 2013.  (Doc. 52.)

---

[1] On April 16, 2013, Defendants filed a partial motion to dismiss, requesting the court to dismiss all counts except for Count I against Nesemeier and Count XI against Stephenson County for indemnification.  (Docs. 76, 78.)  That motion is fully briefed and under advisement.

1

## I.     This Court Should Compel Plaintiff to Execute Authorizations of Medical Records Release for RMH and New Horizons.

2.     On March 5, 2013, Defendants filed a contested motion for entry of a HIPAA qualified protective order.  (Doc. 61.)  The court granted that motion and entered a HIPAA qualified protective order on April 2, 2013 limiting the release of medical records from five years prior to the incident (November 12, 2004 to present).  (Doc. 66, 71.)  The court ruled that the emotional damages claimed were not the "garden variety" type and that defendants were entitled to discovery on Plaintiff's mental health history.

3.     On April 22, 2013, Defendants issued a subpoena to Rockford Memorial Hospital ("RMH").  On May 7, 2013, Defendants issued a subpoena to New Horizons Counseling Center in Freeport, Illinois ("New Horizons").  Attached to the subpoenas was the HIPAA Qualified Protective Order.  (Subpoenas, redacted.)

4.     On April 25, 2013, RMH sent a letter to defense counsel objecting to the subpoena.  (Letter from RMH.)  Defense counsel's office spoke with RMH on May 2, 2013, and RMH indicated that it needed Mitchell to sign an authorization form for release of medical records.  On May 2, 2013, RMH faxed to defense counsel the preferred authorization form for release of medical records.

5.     On May 10, 2013, Defendants emailed to Plaintiff's counsel the RMH authorization form and the letter from RMH objecting to the subpoena.  (5/10/13 Email.)  Defense counsel filled out the authorization to limit it temporally to the time period of November 12, 2004 to present pursuant to the court's order.  The authorization is attached to this motion.  (RMH Authorization.)

6.     On May 19, 2013, defense counsel emailed Plaintiff's counsel and requested that the authorization form be signed by May 24, 2013.  (5/19/13 Email.)

7. On May 29, 2013, defense counsel's office emailed Plaintiff's counsel and again requested that Plaintiff return an executed copy of the RMH authorization. (5/29/13 Email.)

8. On May 20, 2013, Defendants received a letter from counsel for New Horizons objecting to the subpoena for two reasons. First, New Horizons objected to the return date on the subpoena and cost of production, indicating that it had over 500 pages responsive to the subpoena. It agreed to waive that objection if Defendants allowed more time for production and paid copying fees. Second, New Horizons objected because it believed many documents to be subject to confidentiality provisions in the Illinois Mental Health and Developmental Disabilities Confidentiality Act, the Aids Confidentiality Act, and Illinois law relating to drug and alcohol records. New Horizons requested "an opinion and assurance letter from [defense counsel] or a qualified attorney that the laws cited as applicable will not be violated by the production as requested." (New Horizons Letter.)

9. New Horizons's counsel indicated that he was unavailable to discuss the matter until June 7, 2013. In the meantime, to avoid further costs litigating the subpoena, Defendants sent an Authorization for Release of Medical Records to Plaintiff's counsel on May 29, 2013 and requested that it be executed and returned by June 6, 2013. (5/29/13 Email.) The Authorization was intended to alleviate any concerns of New Horizon regarding production of confidential records under Illinois statute. It is attached to this motion. (New Horizons Authorization.) Defense counsel spoke with counsel for New Horizons on June 7, 2013, and counsel for New Horizons stated that the authorization would likely alleviate any concerns that New Horizon had about confidentiality.

3

10. On May 30, 2013, Plaintiff's counsel emailed defense counsel's office and indicated that he had sent both the RMH and the New Horizons authorizations to Plaintiff for signature. (6/5/13 Email Chain, 5/30 email.)

11. On June 5, 2013, defense counsel emailed Plaintiff's counsel and again requested that both authorizations be executed by June 6, 2013. (6/5/13 Email Chain.)

12. As of the filing of this motion, Defendants have not received executed copies of either the RMH Authorization or the New Horizons Authorization. This court has already ruled that the medical records sought to be released by the authorizations are discoverable under Rule 26 in this case. The fact discovery deadline is approaching, and while the parties will likely seek an extension of the fact discovery deadline, Defendants cannot proceed with Plaintiff's deposition until they have all of her relevant medical records. Defendants request that this court order Plaintiff to execute the attached RMH and New Horizons Authorizations within seven days.

## II. This Court Should Compel Plaintiff to Issue Supplemental and Amended Responses to Nesemeier's Interrogatories.

13. Defendant Nesemeier propounded his first set of interrogatories on Plaintiff on March 3, 2013. (Interrogs.) Responses were due on April 2, 2013. On April 7, 2013, at defense counsel's request for an update regarding the overdue responses, Plaintiff's counsel indicated in an email that he would "begin on the questions in the next day or so." (4/7/13 Email.) On April 23, 2013, Plaintiff's counsel emailed defense counsel stating that his client had become ill while working on the responses to interrogatories, but that they were "down to the last three." (4/24/13 Email.) Plaintiff responded to the interrogatories on May 8, 2013. Plaintiff objected to the last three interrogatories without responding. There was no verification attached. (Resp. to Interrogs.)

4

14. On May 9, 2013, the parties held a conference pursuant to Local Rule 37.2 regarding the interrogatory responses. The results of that conference are memorialized in the 5/9/13 Email attached to this motion. (5/9/13 Email.) Plaintiff agreed to amend answers to Interrogatories 1, 2, 6, 8, 18, and 22. Plaintiff agreed to withdraw objections and answer Interrogatories 9 and 19. Plaintiff agreed to provide the amended and supplemental responses by May 16, 2013. (5/9/13 Email.) On May 17, 2013, Plaintiff's counsel emailed defense counsel and stated only, "I am going to need another 14 days." (5/17/13 Email.) On June 5, 2013, defense counsel emailed Plaintiff's counsel and requested that he provide the supplemental and amended responses by June 6, 2013. (6/5/13 Email.) Defendants have not received the supplemental responses. Defendants request that this court order Plaintiff to amend and supplemental her responses to Nesemeier's Interrogatories as set forth in the May 9, 2013 Email, and to provide a verification of the answers, within seven days.

15. Plaintiff objected to, without answering, the last three interrogatories "as over burdensome in that it exceeds the defendant's 25 question limit." (Resp. to Interrogs.) Plaintiff's counsel stated during the 37.2 conference that his objection was based on the fact that Interrogatory 2 contained subparts, each of which counted as an individual interrogatory. (5/9/13 Email.)

16. Rule 33 provides that, unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). "Under the commonly cited rule announced in *Kendall v. GES Exposition Servs., Inc.*, which also happens to be the rule recommended in *Moore's Federal Practice*, 'interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question.'" *Bell v.*

*Woodward Governor Co.*, No. 03-C50190, 2005 WL 3829134, 2005 U.S. Dist. LEXIS 12969, at *6 (N.D. Ill. June 30, 2005) (Mahoney, J.) (quoting 174 F.R.D. 684, 685 (D. Nev. 1997)).

17. Nesemeier's Interrogatory 2 states the following:

Please state the full name, address, and telephone number of each person who (a) witnessed or claims to have witnessed any of the events, conduct, injuries, or damages alleged in the Complaint, and state the nature and substance of their knowledge; (b) was present or claims to have been present during any of the events, conduct, injuries, or damages alleged in the Complaint and state the nature and substance of their knowledge; (c) has, claims to have, or is believed by you to have any knowledge of the events, conduct, injuries, or damages alleged in the Complaint, or any other facts relating to this litigation, and state the nature and substance of their knowledge; or (d) you intend to and/or may call as witnesses.

(Interrog. 2.)

18. Interrogatory 2 and the subparts contained therein are logically and factually subsumed and related to each other. The interrogatory requests information related to persons whom Plaintiff is aware of having knowledge regarding the allegations in the complaint. The persons for whom information is sought are people who were witnesses, were present for the allegations (and are therefore potential witnesses), have knowledge of the allegations (and are therefore potential witnesses), or that Plaintiff may call as a witness. Responses to the four subparts will all identify potential witnesses, and will advise the role that the witnesses will play in the lawsuit. *See Imbody v. C & R Plating Corp.*, No. 08-C218, 2010 WL 567317, 2010 U.S. Dist. LEXIS 12682, at *10 (N.D. Ind. Feb. 12, 2010) (holding that a subpart asking for the "name, address, telephone number, and employer" of every person in the lawsuit and a subpart asking for the "substance of each person's knowledge" are related and one interrogatory). These subparts are subsumed within each other. They are logically and factually related to each other. They are not discrete, and Interrogatory 2 should be counted as only one interrogatory. This court should strike Plaintiff's objections to Interrogatories 23, 24, and 25 and order Plaintiff to

respond to those Interrogatories. In the event that this court finds that the interrogatory subparts count separately towards the total, Nesemeier requests leave to propound the additional interrogatories.

### III. This Court Should Order Plaintiff and/or Plaintiff's Counsel to Reimburse Defendants for Reasonable Attorneys Fees Incurred in Drafting this Motion.

19. Rule 37(a)(5)(A) provides the following:

If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
    (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
    (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
    (iii) other circumstances make an award of expenses unjust.

20. Responses to Nesemeier's interrogatories were due on April 2. Five days after their due date, without any explanation as to his delay, plaintiff's counsel indicated that he would "begin" working on the answers. On April 23, plaintiff's counsel indicated that this client had become ill while working on the responses, but that they were "down to the last three." Over two weeks later, on May 8, responses were propounded, but the last three interrogatories were objected to without responding. A Rule 37.2 conference was held the next day, and plaintiff's counsel agreed to supplement responses within seven days. After eight days, he stated, with no explanation, that he needed another 14 days. Even with that extension, responses were due on May 31. Plaintiff has had 28 days since the 37.2 conference, and has not amended and supplemented her responses as agreed, and has not given any explanation for the delay. Plaintiff did not request any additional time on May 31.

7

21. Plaintiff has been similarly dilatory in executing the Authorizations. Defendants sent Plaintiff the RMH Authorization on May 10, or 28 days ago. Plaintiff has offered no explanation for her delay in executing that document.

22. The fact discovery deadline is approaching, and although Defendants anticipate seeking an extension of the fact discovery deadline, they cannot prepare for Plaintiff's deposition until they have her responses to interrogatories. This motion to compel was necessary to preserve Defendants' rights to additional discovery in the event that this court denies a motion for extension of time to extend the fact discovery deadline. Defendants have attempted to limit travel and court costs by noticing this motion for a hearing at which other motions in this case are noticed, but the time spent drafting this motion was needlessly expended.

23. Defendants request that this court grant their motion to compel and order Plaintiff and/or Plaintiff's counsel to reimburse Defendants for the expense incurred in drafting this motion to compel.

## IV.    Conclusion

Defendants request that this court order Plaintiff and/or Plaintiff's counsel to do the following:

- Execute and return the RMH Authorization within seven days;
- Execute and return the New Horizons Authorization within seven days;
- Amend and Supplement Plaintiff's responses to Nesemeier's Interrogatories as set forth in the 5/9/13 Email within seven days;
- Answer Interrogatories 23, 24, and 25 within seven days;
- Provide a signed verification testifying to the truth of the responses to the interrogatories under oath within seven days; and

- Reimburse Defendants for unnecessary attorneys' fees incurred in drafting this motion.

WHEREFORE, Defendants Stephenson County and Sergeant Kenneth Nesemeier request that this court grant their motion to compel execution of the medical records authorizations, supplemental responses to Nesemeier's Interrogatories, and reimbursement of attorneys' fees and for any further relief this court deems necessary.

                                                **STEPHENSON COUNTY and**
                                                **KENNETH W. NESEMEIER**

By:    *s/Benjamin M. Jacobi*
          One of their attorneys

Julie A. Bruch, #6215813
Benjamin M. Jacobi, #6296811
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
E-mail: bjacobi@okgc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA JEANNE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 11-CV-50329 |
| | ) | Judge Frederick J. Kapala |
| | ) | Magistrate P. Michael Mahoney |
| v. | ) | |
| | ) | |
| STEPHENSON COUNTY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2013 I electronically filed Defendants' Motion to Compel Medical Authorizations, Supplemental Responses to Interrogatories, and Attorneys' Fees with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following registered CM/ECF participant(s):

    Lawrence C. Redmond
    lredmond3@juno.com


                                      **STEPHENSON COUNTY and
                                      KENNETH W. NESEMEIER**

                        By:    *s/Benjamin M. Jacobi*
                                Benjamin M. Jacobi, #6296811
                                O'Halloran Kosoff Geitner & Cook, LLC
                                650 Dundee Road, Suite 475
                                Northbrook, Illinois 60062
                                Telephone: (847) 291-0200
                                Fax: (847) 291-9230
                                E-mail: bjacobi@okgc.com