


Positive
As of: Jun 07, 2013

**DEMETRIC BELL, MARILYN BERRY, CATHERINE BROWN, KIMBERLY BUCHANAN, GILBERTO GONZALEZ, DELLA JARRETT, TIMMY LINK, EDDIE MANNING, JR., KIM NACHAMPASSACK, DUANE PARKS, BRENDA RILEY, DARNEL ROYAL, ROBIN SALLIS, VELMA SANDERS, BARBARA SMITH, TONY TRIPLETT, JANET WILKINS and FRED WYNNE, individually and on behalf of similarly situated persons, Plaintiffs, v. WOODWARD GOVERNOR COMPANY, Defendant.**

**Case No. 03 C 50190**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

*2005 U.S. Dist. LEXIS 12969*

**June 30, 2005, Decided**
**June 30, 2005, Filed**

**SUBSEQUENT HISTORY:** Motion granted by, in part, Motion denied by, in part, Motion granted by, in part, Motion denied by, in part *Bell v. Woodward Governor Co.*, 2005 U.S. Dist. LEXIS 18859 (N.D. Ill., Aug. 31, 2005)

**PRIOR HISTORY:** *Bell v. Woodward Governor Co.*, 2005 U.S. Dist. LEXIS 4451 (N.D. Ill., Feb. 7, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In an action by plaintiff employees against defendant employer, under the court's case management order, interrogatories were limited to 75. After the employees propounded additional interrogatories on the employer, the employer filed a motion to enforce the case management order and for a protective order regarding the employees' interrogatories in excess of 75.

**OVERVIEW:** The employer claimed that the employees exceeded their allotted number of interrogatories. The plaintiffs claimed that they only served the defendant a total of 28 separately numbered interrogatories. The court held that the employer was not entitled to enforcement of the case management order or a protective order because the employees had not exceeded their case management order limit of 75 interrogatories, and the information sought by the employees appeared to relate to the core information needed to prove their claims. The court found that, pursuant to *Fed. R. Civ. P. 33*, although the employees numbered one interrogatory each regarding identity of working leads and job level placement, there were two interrogatories each due to discrete inquiries in each interrogatory. The court further found that, for interrogatories concerning the employer's affirmative defenses, an interrogatory would be added for each of the employer's affirmative defenses because one interrogatory improperly sought to combine 21 questions into one. The court finally held that the employees' total interrogatories numbered 61, still short of the limit of 75 interrogatories.

**OUTCOME:** The motion to enforce the case management order and for a protective order was denied.

**LexisNexis(R) Headnotes**

Case: 3:11-cv-50329 Document #: 88-16 Filed: 06/07/13 Page 2 of 4 PageID #:1178

Page 2
2005 U.S. Dist. LEXIS 12969, *

*Civil Procedure > Discovery > Methods > Interrogatories > General Overview*

[HN1] Under *Fed. R. Civ. P. 33(a)*, the limit on the number of interrogatories a party may serve includes all discrete subparts. Put another way, courts are wary of attempts by parties to circumvent *Fed. R. Civ. P. 33* by asking questions about distinct subjects within a numbered question or by adding unrelated subparts to a question.

*Civil Procedure > Discovery > Methods > Interrogatories > Form*

[HN2] *Fed. R. Civ. P. 33* does not define discrete subparts, so courts have interpreted what constitutes a subpart in various ways. For example, some courts count each subpart separately (even when subparts are unnumbered), while others count subparts that relate to the primary interrogatory as one interrogatory. There remains a lack of a clear and easily applied rule about how subparts should be counted in the United States Court of Appeals for the Seventh Circuit. There is some guidance as to when subparts should and should not count as separate interrogatories: each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as subparts questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

*Civil Procedure > Discovery > Methods > Interrogatories > General Overview*

[HN3] Under the commonly cited rule announced in Kendall, interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question.

**COUNSEL:** [*1] For Demetric Bell, individually and on behalf of similarly situated persons, Marilyn Berry, individually and on behalf of similarly situated persons, Catherine Brown, individually and on behalf of similarly situated persons, Kimberly Buchanan, individually and on behalf of similarly situated persons, Gilberto Gonzalez, individually and on behalf of similarly situated persons, Timmy Link, individually and on behalf of similarly situated persons, Eddie Manning, Jr, individually and on behalf of similarly situated persons, Kim Nachampassack, individually and on behalf of similarly situated persons, Duane Parks, individually and on behalf of similarly situated persons, Brenda Riley, individually and on behalf of similarly situated persons, Darnel Royal, individually and on behalf of similarly situated persons, Robin Sallis, individually and on behalf of similarly situated persons, Velma Sanders, individually and on behalf of similarly situated persons, Barbara Smith, individually and on behalf of similarly situated persons, Tony Triplett, individually and on behalf of similarly situated persons, Janet Wilkins, individually and on behalf of similarly situated persons, Della Jarrett, Plaintiffs: [*2] Jennifer Kay Soule, James Gerard Bradtke, Kelly K. Lambert, Soule, Bradtke & Lambert, Chicago, IL; Alex Reigart Montgomery, Joshua Karsh, Matthew J. Piers, Gessler, Hughes, Socol, Piers, Resnick & Dym, Ltd., Chicago, IL; Peter Earle, Law Offices of Peter Earle, Milwaukee, WI; Robert D. Allison, Robert D. Allison & Associates, Chicago, IL; Stephen G. Seliger, Attorney at Law, Chicagssso, IL; Steven P. Schneck, Law Offices of Robert D. Allison, Chicago, IL.

For Woodward Governor Company, Defendant: Michael W. Duffee, Matkov, Salzman, Madoff & Gunn, Chicago, IL; Laura A. O'Connell, Michelle Luthia Landon, Robert Michael O'Connell, Picha & Salisbury, Rockford, IL; Lawrence Schlam, Northern Illinois University College of Law, DeKalb, IL; Michele K McKellar, Boley & McKellar, P.C., Cheyenne, WY.

**JUDGES:** Magistrate Judge, P. Michael Mahoney.

**OPINION BY:** P. MICHAEL MAHONEY

**OPINION**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant's June 17, 2005, Motion to Enforce Case Management Order and for a Protective Order Regarding Plaintiffs' Interrogatories in Excess of Seventy-five. Previously, the court limited interrogatories in this case to seventy-five. For the reasons [*3] stated below, Defendant's Motion for a Protective Order is denied. The Court does not find that the Case Management Order has been violated.

**I. FACTS**

Plaintiffs have propounded the following ten interrogatories/sets of interrogatories: (1) September 12, 2003, First Set of Interrogatories; (2) March 3, 2004, Second Set of Interrogatories; (3) November 1, 2004, Interrogatory Regarding Identity of Working Leads; (4) November 14, 2004, Interrogatory Regarding Job Level

Placement; (5) December 27, 2004, Interrogatory Regarding Job Descriptions; (6) December 28, 2004, Interrogatories Concerning Affirmative Defenses; (7) March 18, 2005, Interrogatories; (8) May 2, 2005, Interrogatories; (9) May 20, 2005, Interrogatories; and (10) May 25, 2005 Interrogatories.

Defendant submits that Plaintiffs exceeded their allotted number of interrogatories with their March 18, 2005, Interrogatories. (Def.'s Mtn., at para 4). Defendant also provided the court with a chart that breaks down the total number of requests it believes it has received, which adds up to 137 Interrogatories. [1] While Defendant chose to answer the March 18, 2005, Interrogatories, it does not intend to answer any of the propounded [*4] May Interrogatories and seeks a Protective Order to that effect.

> 1  Defendant's chart does not include Plaintiffs' latest round of interrogatories, dated May 25, 2005.

Plaintiffs contend they have only served Defendant a total of twenty-eight separately numbered Interrogatories and urge the court to deny Defendant's Motion.

## II. ANALYSIS

[HN1] Under *Federal Rule of Civil Procedure 33(a)*, the limit on the number of interrogatories a party may serve includes "all discrete subparts." Put another way, courts are wary of attempts by parties to circumvent *Rule 33* by asking questions about distinct subjects within a numbered question or by adding unrelated subparts to a question. [HN2] *Rule 33*, however, does not define "discrete subparts," so courts have interpreted what constitutes a subpart in various ways. For example, some courts count each subpart separately (even when subparts are unnumbered), while others count subparts that relate to the primary interrogatory as one interrogatory. [*5] *See Valdez v. Ford Motor Co., 134 F.R.D. 296, 298 (D. Nev. 1991)*; *Clark v. Burlington N. R.R., 112 F.R.D. 117, 120 (N.D. Miss. 1986)*. There remains a lack of a clear and easily applied rule about how subparts should be counted in the Seventh Circuit. [2]

> 2  The Rule's Advisory Committee did provide some guidance as to when subparts should and should not count as separate interrogatories, noting that:
>
> > Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.
>
> *See* Advisory Committee Note, *146 F.R.D. 401, 675-76 (1993)*.

[*6] [HN3] Under the commonly cited rule announced in *Kendall v. GES Exposition Servs, Inc.,* which also happens to be the rule recommended in *Moore's Federal Practice,* "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *174 F.R.D. 684, 685 (D. Nev. 1997)*; 7 *Moore's Federal Practice, § 33.30[2]*(Matthew Bender 3d ed.). The court will use this rule to guide its analysis.

Turning to the interrogatories in this case, the court notes that it is already quite familiar with Plaintiffs' discovery requests due to its own consideration of the approximately forty Motions to Compel filed by Plaintiffs (not including motions related to depositions). To the extent that the court was not familiar with Plaintiffs' Interrogatories, it did take the time to sit down and count for itself the number of requests, subparts and all. A brief summary of the court's analysis as to each discovery request is laid out below as warranted.

### A. September 12, 2003, First Set of Interrogatories

Plaintiffs number six interrogatories. Defendant counts [*7] twenty-three. This court counts **eight** interrogatories. The court adds two interrogatories because it finds that subparts a-b of Plaintiffs' Interrogatory #4 are only tangentially related to positions for which Plaintiffs or charging parties have applied.

### B. March 3, 2004, Second Set of Interrogatories

Plaintiffs number seven interrogatories. Defendant counts ten. This court counts **eight** interrogatories. The court adds one interrogatory because it finds that Plaintiffs' Interrogatory #1 seeks the person or person drafting documents and the person or person discarding or destroying them, which seems to be two entirely separate incidents to the court.

### C. November 1, 2004, Interrogatory Regarding Identity of Working Leads

Plaintiffs number one interrogatory. Defendant counts three. This court counts **two** interrogatories. The court adds one interrogatory because it finds that the "person who selected each 'working lead' or 'working leader'" to be insufficiently related to the identification of persons acting as working leads and the period of time during which they acted in that capacity.

### D. November 14, 2004, Interrogatory Regarding Job Level Placement

[*8] Plaintiffs number one interrogatory. Defendant counts six. This court counts **two** interrogatories. The court adds one interrogatory because it finds that Interrogatory #1 asks about job levels first as a theory (the process and the documents related to the process for developing job levels), and then as applied (when levels were used, initial placement, initial placer, and the reasons for placement). The court finds these to be two discrete inquiries.

### E. December 27, 2004, Interrogatory Regarding Job Descriptions

Both Plaintiffs, Defendant, and the court agree. One interrogatory . . . two interrogatories . . . **three** interrogatories, ahh . . . ahh . . . ahhh. (Per The Count, C.J., N.D. Sesame Street).

### F. December 28, 2004, Interrogatories Concerning Affirmative Defenses

Plaintiffs number two interrogatories. Defendant counts twenty-one. This court counts **twenty-one** interrogatories. The court adds an interrogatory for each of Defendant's affirmative defenses because it finds that Plaintiffs' Interrogatory #1 improperly seeks to combine twenty-one questions into one.

### G. March 18, 2005, Interrogatories

Plaintiffs number four interrogatories. Defendant [*9] counts twelve. This court counts **four** interrogatories, so no interrogatories are added. While Defendant's running total surpasses seventy-five at this interrogatory set, the court's running total is only forty-eight. The court thus moves on to Plaintiffs' May Interrogatories.

### H. May 2, 2005, Interrogatories

Plaintiffs number four interrogatories. Defendant counts fifty-five. This court counts **six** interrogatories. The court adds one interrogatory to Interrogatory #1 because the meaning of an abbreviation and "all the circumstances or situations as to which each code has been used" are two separate inquiries. Defendant urges the court to count Interrogatory #1 as forty-seven interrogatories, one for each code listed (even though the court counts fifty-six codes listed). While the court agrees that the each code could and probably should be propounded as a separate interrogatory, the court finds only two interrogatories in the interest of efficiency of discovery. Each of the codes apparently comes from one work force data base, and the court finds a written response to the interrogatory would be more efficient than a 30(b)(6) deposition on work force data base codes.

[*10] The court also adds one interrogatory to Interrogatory #4. Plaintiffs should have separated out the last sentence of Interrogatory #4 ("If you contend that any of the foregoing information can be derived . . .") as a new interrogatory, as Plaintiffs did in their May 25, 2005, Interrogatories #1-2.

### I. May 20, 2005, Interrogatories

Plaintiffs number three interrogatories. Defendant counts four. This court counts **three** valid contention interrogatories, and it finds no reason to separate out additional interrogatories from those numbered by Plaintiffs.

### J. May 25, 2005 Interrogatories

Plaintiffs number four interrogatories. Defendant did not reference the May 25, 2005, Interrogatories in its brief. This court counts **four** interrogatories, making the grand total of interrogatories sixty-one, still fourteen interrogatories short of the court's limit of seventy-five.

As Plaintiffs have not exceeded their Case Management Order limits, and the information sought by Plaintiffs appears to relate to the core information needed to prove their claims (as opposed to seeking overly broad irrelevant information), this court denies Defendant's Motion to Enforce Case Management [*11] Order and for a Protective Order.

### III. CONCLUSION

For the above stated reason, Defendant's Motion is denied.

**ENTER:**

**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

   **DATE: June 30, 2005**