IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA JEANNE MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 11-CV 50329 |
| | ) | Judge Frederick J. Kapala |
| | ) | Magistrate P. Michael Mahoney |
| v. | ) | |
| | ) | |
| KENNETH W. NESEMEIER et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Background**

The parties in this matter are nearing the scheduled end of the discovery process in a 42 U.S.C. § 1983 case. Defendants tendered their first set of interrogatories to Plaintiff on March 3, 2013; answers were due on April 2, 2013. On April 7, 2013, Plaintiff's counsel indicated that he would respond within a few days. Jumping forward to April 23, 2013, still no response had been received. Plaintiff's counsel e-mailed Defendants' counsel and stated that his client had become ill while working on the responses to interrogatories, but that they were close to completing the response. Plaintiff finally responded to the interrogatories on May 8, 2013. In the response, Plaintiff objected to the last three interrogatories and no verification was attached as required.

At a Rule 37.2 conference, held by the parties on May 9, 2013, Plaintiff agreed to amend answers to Interrogatories 1, 2, 6, 8, 18, and 22. Plaintiff also agreed to withdraw objections and answer Interrogatories 9 and 19 by May 16, 2013. On May 17, Plaintiff's counsel e-mailed Defense counsel stating only that he would need another fourteen days

1

to complete the answers. On June 5, 2013, Defense counsel sent an e-mail to Plaintiff's counsel and requested that he provide the supplemental and amended responses by June 6, 2013. Defendants have not received the Responses to date. Defendants have filed a Motion to Compel seeking an order that Plaintiff amend and supplement her responses to Interrogatories 1, 2, 6, 8, 18, and 22, remove objections to answer Interrogatories 9 and 19, and provide a verification of the answers, as agreed to during the Rule 37.2 conference, within seven days and that they be awarded attorneys' fees.

The Defendants also moved the court to compel medical authorizations. This issue appears to be moot, however, as it has been reported that Plaintiff has complied with the request. Therefore, the court will not address the issue in this opinion.

**II. Motion to Compel Supplemental Responses to Interrogatories**

In her response to the motion to compel, Plaintiff argues that answering Interrogatories 6, 8, 24, and 25 would require culling through the discovery material that the Defendants have provided to the Plaintiff. Plaintiff cites Rule 33(d) and believes that counsel for Defendants could just as easily go through those materials as counsel for Plaintiff. *See* Fed. R. Civ. P. 33(d).

Rule 33(d) states:

> [i]f the answer to an interrogatory may be determined by examining . . . or summarizing a party's *business records* . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. . . .
>
> *Id.* (emphasis added).

Rule 33(d) clearly involves only parties' business records. The records in question here are medical records - not a party's business records. Thus, Rule 33(d) is inapplicable. Even if Rule 33(d) were applicable, the Plaintiff fails to specify in sufficient detail where the answers to interrogatories could be located within the records and is in violation of the rule. *See Id.*

Plaintiff also objects to Interrogatories 9 and 19 as they are allegedly "overly burdensome." However, Rule 33(b)(4) states that objections must be stated "with specificity" and any objection not stated in a timely objection is waived, absent good cause. Fed. R. Civ. P. 33(b)(4). With respect to Plaintiff's objections to Interrogatories 9 and 19, Plaintiff did not meet the specificity standard required in Rule 33(b)(4) and subsequently withdrew her objection to these interrogatories at the parties' Rule 37.2 conference.

Plaintiff further argues that because Interrogatory 2 contained several subparts, answering 23, 24, and 25 is not required. "Interrogatory subparts are to be counted as one interrogatory… if they are logically or factually subsumed within and necessarily related

3

to the primary question," Defendants maintain that the subparts in Interrogatory 2 are logically and factually subsumed and related to each other. *Bell v. Woodward Governor Co., Inc.*, 2005 WL 3299179. Interrogatory 2 provides:

> Please state the full name, address, and telephone number of each person who (a) witnessed or claims to have witnessed any of the events, conduct, injuries, or damages alleged in the Complaint, and state the nature and substance of their knowledge; (b) was present or claims to have been present during any of the events, conduct, injuries, or damages alleged in the Complain and state the nature and substance of their knowledge; (c ) has, claims to have or is believed by you to have any knowledge of the events, conduct, injuries, or damages alleged in the Complaint, or any other facts relating to this litigation, and state the nature and substance of their knowledge; or (d) you intend to and/or may call as witnesses.

Responses to the four subparts will all identify potential witnesses, and will advise the role that the witnesses will play in the lawsuit. *See Imbody v. C & R Plating Corp.*, 2010 WL 567317 (holding that a subpart asking for the "name, address, telephone number and employer" of every person in the lawsuit and a subpart asking for the substance of each person's knowledge: are related and count as one interrogatory.) Here, Interrogatory 2 is counted as only one interrogatory because the subparts are subsumed within each other, factually and logically related and not discrete.

For these reasons, Plaintiff will be ordered to amend and supplement her responses to 1, 2, 6, 8, 18, 22, 23, 24, and 25, and answer Interrogatories 9 and 19, as agreed to during the parties' Rule 37.2 conference, by July 23, 2013.

**III. Attorney's Fees**

Rule 37(a)(5)(A) provides the following:

> If the motion [to compel] is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.
>
> Fed. R. Civ. P. 37(a)(5)(A)

Plaintiff objects, arguing that neither she nor her counsel have the money available to reimburse Defendants for their attorneys' fees. Nonetheless, as noted in the background section, Plaintiff has not been punctual in meeting set deadlines:

- Five days after the initial interrogatories were due, Plaintiff's counsel indicated that they would begin working on the answers.

- Twenty-one days after the initial answers to interrogatories were due Plaintiff's counsel indicated they were "down to the last three." (Plaintiff's counsel explained that his client became ill while attempting to finish the answers.)

- Almost seven weeks after the answers were originally due, the

           Plaintiff supplied Defendants with answers, but objected to the final three without responding to them.

           • Plaintiff's counsel agreed to supplement responses within seven days at 37.2 conference. However, eight days later, Plaintiff's counsel sent an e-mail stating simply, "I need another 14 days."

           • Even with the additional 14 days since the 37.2 conference Plaintiff has failed to amend and supplement the responses.

           • Plaintiff was also late in executing the Medical authorizations, On May 10, 2013 Defendants sent Plaintiff RMH Authorization and to this date Plaintiff has not executed that document.

This portion of the Defendants motion is taken under advisement, to be ruled upon at a later date by this court if necessary.

## IV. *In Camera* Inspection

According to Defendants' report, on February 25, 2013, Defendants issued a subpoena to DCFS requesting, "[a]ny and all documents relating to contact with, and/or investigations of, [Plaintiff] . . . ." On May 21, 2013, DCFS notified Defendants' that the documents were available for receipt. Upon review of the documents, Defendants found that pages SC 532 through 551 and SC 558 and 559 were completely redacted. Defendants believe that the redacted materials may contain information relevant to the case – namely: information regarding Plaintiff's mental state relevant to her claim of emotional damages. Defendants move the court for an *in camera* inspection of DCFS's redacted materials. In response, DCFS volunteered to provide the court with the sealed and unredacted copies of the documents in question. No privilege has been asserted. Plaintiff's objection is based on irrelevancy. DCFS does not object to the *in camera*

review.

The court performed an *in camera* inspection of pages SC 532 through 551 and SC 558 and 559, as requested. After careful examination of the pages at issue, the court determines that the material contained within is not relevant to any party's claim or defense and shall not be released to Defendants' counsel. Since the court declines to release the material, any balancing of interests that may be required by Illinois' Abused and Neglected Child Reporting Act need not be analyzed here. *See* 325 ILCS 5/1, *et seq.* The court will destroy the sealed documents and DCFS will maintain the original copies, as discussed with the parties at hearing, held on June 12, 2013.

## V. Conclusion

For the foregoing reasons, Defendant's Motion to Compel is granted in part and

denied in part. Plaintiff is ordered to amend and supplement her responses to 1, 2, 6, 8, 18, 22, 23, 24, and 25, and withdraw the objections to answer Interrogatories 9 and 19, as agreed to during the parties' Rule 37.2 conference, by July 23, 2013. The court takes the matter of an attorneys' fees award under advisement.

The unredacted DCFS documents, as examined by the court's *in camera* review are not relevant to the case, and therefore will not be released to Defendants' counsel. The materials will be destroyed by the court, in accordance to the parties' agreement at hearing on June 12, 2013.

**ENTER:**

_____
**Hon. P. Michael Mahoney,
U.S. Magistrate Judge**

**DATE: July 8, 2013**